IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICARDO McDONALD, et al., | CASE NO. 1:04 CV 0569 |
| Plaintiffs, | |
| v. | JUDGE DONALD C. NUGENT |
| Simon Property Group, L.P., et al., | |
| Defendants. | MEMORANDUM OPINION |

This matter is before the Court on Defendant, Simon Property Group, L.P.'s ("Simon Property Group") Motion for Summary Judgment. Plaintiff, Ricardo McDonald, claims that he was injured while using a defective ladder owned and/or under the control of the Defendant. Defendant has moved for summary judgment on two basis. First, Simon Property Group contends that it did not own or control the ladder in question. Second, it contends that because the Complaint does not include the designation "L.P." after its name, it has not been properly named and the statute of limitations has now run. For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED.

## Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most

civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach

-3-

> sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### Analysis

There is clearly a dispute of material fact with regard to whether the Defendant, Simon

-4-

Property Group, owned or controlled the ladder at issue in this case. Defendant has presented an affidavit in support of its position that it did not own or control or the ladder, while Plaintiff has set forth evidence that contradicts that contention. There is no question that ownership/control of the ladder is a material fact, and it is clearly disputed. Therefore, summary judgment is not appropriate on this basis.

Defendant also contends that it is entitled to summary judgment because it was not properly named in the Complaint and the statute of limitations has now run. The Complaint lists Simon Property Group as the defendant. The proper name for the defendant is Simon Property Group, L.P.. Simon Property Group, L.P., was served with the Complaint, responded to the Complaint, and has been defending against the Complaint since it was originally filed in 2002. There has been no allegation that "Simon Property Group" is an existing legal entity separate from "Simon Property Group, L.P.," or that there has been any confusion or mistake about who the defendant in this case actually is. Simon Property Group, L.P. has suffered no prejudice whatsoever from the omission of the L.P. after their name, and their legal rights as limited partners are in no way affected by this ministerial omission. Further, Simon Property Group, L.P. does often refer to itself as "Simon Property Group" in its filings with this Court, including in the opening paragraph of its Reply Brief on this issue. Certainly the record would be a bit cleaner if Plaintiffs were to Amend the Complaint to add the L.P. after defendant's name, and pursuant to Fed. Civ. R. 15(c), they are hereby granted permission to do so. Nonetheless, whether or not an amendment is made, the Court finds that the Defendant has been adequately identified in the Complaint, the Complaint was timely filed, and Simon Property Group, L.P. has been properly served. Therefore, summary judgment is not warranted based on a statute of limitations argument.

## Conclusion

For the reasons set forth above, Defendant, Simon Property Group, L.P.'s motion for summary judgment is denied.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: *August 9, 2005*